IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Curry, | ) C/A No. 2:11-0487-HFF-PJG |
|                 Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| Judge Thomas L. Hughston;<br>Cantrell Frayer, *Public Defender*; and<br>Agent Weeks, *Charleston County Probation and Parole*, | ) |
|                 Defendants. | ) |

The plaintiff, Jerome Curry, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee at the Charleston County Detention Center ("CCDC") in Charleston County, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff is serving a sixty-day sentence on a probation violation that was entered by the Honorable Thomas L. Hughston, South Carolina Circuit Judge. Plaintiff has also brought suit against his public defender and a probation officer.

The "STATEMENT OF CLAIM" portion of the Complaint reveals that on January 31, 2011, Plaintiff, while on probation, was arrested for indecent exposure. Plaintiff states: "I bonded out on this offense and my probation officer Agent Weeks placed a probation violation hold on me for getting arrested for indecent exposure." (Compl., ECF No. 1 at 3.) On February 22, 2001, Plaintiff appeared with his public defender, Cantrell Frayer, before

Judge Hughston, who set a $100,000 bond and sentenced Plaintiff to sixty days in jail for the probation violation. Plaintiff contends or alleges: (1) the $100,000 bond was excessive; (2) Agent Weeks lied at the probation violation hearing; and (3) the Public Defender's failure to object to the false statements made by Agent Weeks constituted ineffective assistance of counsel and legal malpractice. In his prayer for relief, Plaintiff writes:

> I would like to receive punitive damages, loss [*sic*] wages, loss of School (college), payment for false imprisonment and payment for violation of equal protection of the laws and I would like Agent Weeks to be taken off my probation case.

(Compl, Id. at 5.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Court of General Sessions for Charleston County is a court in the State of South Carolina's unified judicial system. See S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 376 S.E.2d 271, 272 (1989); Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett, 370 S.E.2d 872, 875-76 & n.1 (1988); and Cort Indus. Corp. v. Swirl, Inc., 213 S.E.2d 445, 446 (1975). South Carolina Circuit Judges are judges in the State of South Carolina's unified judicial system. See In the Matter of Peeples, 374 S.E.2d 674 (1988).

Judge Thomas L. Hughston is immune from suit in the above-captioned civil rights action for his actions in the probation violation hearing. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to

liability"); accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

Cantrell Frayer, Plaintiff's public defender, is also entitled to summary dismissal because she has not acted under color of state law. To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney).

Finally, probation officer Weeks is also entitled to summary dismissal because of witness immunity for his testimony at the probation violation hearing. In this judicial circuit, it is well settled that a witness in a state court proceeding cannot be sued under 42 U.S.C. § 1983 because a witness does not act under color of state law, which is a jurisdictional requirement for a § 1983 suit. Burke v. Miller, 580 F.2d 108, 109-10 & n.3 (4th Cir. 1978). Moreover, even if Agent Weeks is deemed to have acted under color of state law in his official capacity as a probation agent, he has absolute immunity in an action for damages brought under 42 U.S.C. § 1983. See Briscoe v. LaHue, 460 U.S. 325, 327-46 (1983); Stokes v Moorman, Civil Action No. 9:10-1168-CMC-BM, 2010 WL 2347024 (D.S.C. May 14, 2010) (citing Lowman v. Town of Concord, No. 93-CV-0636E(F), 1995 WL 108224 (W.D.N.Y., March 7, 1995)) (collecting cases).

Moreover, this court cannot order the reassignment of Agent Weeks from Plaintiff's "probation case." See Maxton v. Johnson, 488 F. Supp. 1030, 1032 n.2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court) (citing United States v. White Cnty. Bridge Comm'n, 275 F.2d 529, 535 (7th Cir. 1960)).

Moreover, since Judge Hughston sentenced Plaintiff to sixty (60) days in the "Charleston County Jail" for the probation violation, this civil rights action is barred by Heck v. Humphrey, 512 U.S. 477 (1994), which also applies to probation and parole violation proceedings. Brown v. Lemacks, C/A No. 8:09-2160-CMC-BHH, 2010 WL 2179492 (D.S.C. April 28, 2010) ("The Supreme Court's ruling in Heck also applies to probation and parole violation proceedings."), adopted, 2010 WL 2179490 (D.S.C. May 27, 2010).

## RECOMMENDATION

Accordingly, the court recommends that Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*(signature)*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 23, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the Notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).